# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Rasean Bolden**                    **Docket No. 2:20-CR-25-1M**

### Petition for Action on Supervised Release

COMES NOW Andrew B. Medley, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Rasean Bolden, who, upon an earlier plea of guilty to Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), was sentenced by the Honorable Richard E. Myers II, Chief United States District Judge, on September 29, 2021, to the custody of the Bureau of Prisons for a term of 63 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months. Rasean Bolden was released from custody on March 3, 2024, at which time the term of supervised release commenced.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING MANDATORY CONDITIONS:**

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You shall submit to one drug test within the first 15 days of supervision and at least two periodic drug tests thereafter, as directed by the probation officer.
5.  You must cooperate in the collection of DNA as directed by the probation officer.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or a search by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall participate in a vocational training program as may be directed by the probation office.

The defendant shall support his dependent(s).

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that the existing mandatory, standard, and special conditions that were imposed at the time of sentencing remain in place, with the addition of the following search and mental health conditions.

Additionally, the defendant possessed marijuana, as evidenced by tests conducted on January 19, March 2, and April 16, 2026, which yielded positive results for marijuana.

The defendant completed a substance abuse assessment with Straight Walk Family Services on February 23, 2026; however, he has not yet initiated the recommended treatment. The undersigned United States Probation Officer has verbally reprimanded the defendant for the noncompliant behavior outlined above and emphasized the importance of engaging in treatment to support sobriety and overall compliance. The defendant is forthcoming about his use and has expressed interest in Cognitive Based Intervention programming and mental health treatment. The probation office has established that the defendant is a suitable candidate for Moral Reconation Therapy and could benefit from mental health counseling. Therefore, it is recommended that conditions requiring participation in cognitive behavioral therapy and mental health counseling be added to assist the defendant in addressing criminal thinking patterns,

Rasean Bolden
Docket No. 2:20-CR-25-1M
Petition for Action
Page 3

addressing stressors, and avoiding risky behavior in the future. The defendant signed a Waiver of Hearing acknowledging and agreeing to the mandatory, standard, and special conditions that were imposed at the time of sentencing, as well as the proposed modifications of supervision.

**PRAYING THAT THE COURT WILL ORDER** that the conditions of supervised release be modified as follows:

1. The defendant shall participate in a cognitive behavioral program as directed by the probation office.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The original search condition imposed at sentencing be stricken and removed from the conditions of supervision.

4. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ John Seth Coleman
John Seth Coleman
Supervising U.S. Probation Officer

/s/ Andrew B. Medley
Andrew B. Medley
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 984-212-1689
Executed On: April 21, 2026

**ORDER OF THE COURT**

Considered and ordered this _22d_ day of _April_ , 2026, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief United States District Judge